UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

TELECOM DECISION MAKERS, INC.                                                 PLAINTIFF

v.                                                                                     CIVIL ACTION NO. 3:08CV-609-S

ACCESS INTEGRATED NETWORKS, INC., et al.                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendants, Access Integrated Networks, Inc. and Birch Communications, Inc. (hereinafter collectively "Birch")[1], to dismiss the action (DN 8).

The pertinent facts underlying this action are taken from the complaint and are taken as true on this motion to dismiss:

The plaintiff, Telecom Decision Makers, Inc. ("TDM"), is in the business of promoting and selling telecommunication services on behalf of various local, long distance, and broadband telecommunication providers. TDM entered into a written agreement on January 13, 2005 with Navigator Telecommunications LLC ("Navigator") for TDM to operate as an independent sales representative selling certain telecom communication services for Navigator. The agreement provided for payment of certain compensation to TDM for its sales. The agreement contained an assignment clause which stated:

> 13. <u>Assignment.</u> This Agreement is binding upon and shall inure to the benefit of the successors and assigns of Navigator in connection with and in contemplation of any reorganization, bankruptcy, merger, consolidation or sale of all or substantially all of the ownership interest or assets of Navigator, or any other transaction substantially similar in effect (collectively "Change of Control"). Upon a Change of Control, this Agreement will be deemed assigned to Navigator's successor notwithstanding that the Assignment is formally reduced to writing or not. This

---

[1] Both Access and Birch have been named in the complaint. The motion states in footnote that Birch is the current name of the company formerly known as Access. For purposes of this opinion, they will be referred to collectively. The motion seeks dismissal of the entire action. The parties do not distinguish between the two entities in their memoranda.

Agreement may be assigned by Navigator without the consent of Independent Sales Representative.  This Agreement may not be assigned by Independent Sales Representative without the prior written consent of Navigator which consent shall be within the sole discretion of Navigator, but shall inure to the benefit of Independent Sales Representative's successors.

The agreement also contained a termination clause which stated:

11. <u>Termination.</u>  Either party may terminate this Agreement for convenience upon thirty (30) days' prior written notice to the other party.  In the event Navigator exercises its right to terminate the Agreement for convenience, Navigator shall continue to make all payments due under this Agreement...

In June, 2008, Navigator informed TDM by letter that pursuant to Section 11, it was providing written notice of termination of the agreement for reasons of "convenience."  The letter further provided that "Navigator will continue to pay commissions owed pursuant to Section 11 of the Agreement." June 20, 2008 Letter;  Complaint, ¶ 19.

On July 11, 2008, Birch notified TDM that it was entering into an asset purchase agreement with Navigator in which Birch would acquire substantially all of Navigator's residential and business local and long distance customers.  Complaint, ¶ 16.

On July 31, 2008, TDM met with representative of Birch who informed it that upon finalizing the asset purchase agreement, it would not pay TDM commissions, stating that it viewed the assignment clause in the TDM/Navigator agreement to be without force and effect.  Complaint, ¶ 20.

On November 18, 2008, Birch closed on the asset purchase agreement with Navigator.  Birch has continued to maintain that the agreement between TDM and Navigator was not assigned to Birch.  The complaint seeks a declaration of rights concerning Birch's obligations, if any, under the TDM/Navigator contract.

When a motion to dismiss is made, the court must take the allegations of the complaint as true and grant dismissal only when it is beyond doubt that the plaintiff can prove no set of facts entitling it to relief.  *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); *Nieman*

*v. NLO, Inc.*, 108 F.3d 1546 (6th Cir. 1997).  Here, taking the allegations as true, Navigator provided written notice in June of 2008, and terminated its agreement with TDM.  Navigator acknowledged that it would continue to pay commissions owed.  In mid-November of 2008, Birch acquired substantially all of Navigator's residential and business local and long distance customers.  Thus, TDM could prevail on its claim against Birch if TDM proved that a transfer of "substantially all of Navigator's residential and business local and long distance customers" constituted a "Change of Control" under the terms of the assignment provision, paragraph 13, of the TDM/Navigator agreement.

Birch urges that a provision in its Asset Purchase Agreement ("APA") with Navigator which states that Birch did not acquire all or substantially all of Navigator's assets conclusively establishes that the sale did not result in a "Change of Control" under the terms of the TDM/Navigator agreement.  There is thus a dispute of fact concerning the specifics of the asset purchase.  Therefore, dismissal will be denied.  Birch's APA language stands in juxtaposition with TDM's allegation, taken as true, that there was a "Change of Control," as that term is defined by it's agreement with Navigator, when the asset purchase was made.

Birch urges that dismissal of the complaint is warranted for failure to join Navigator under Fed.R.Civ.P. 19.  However, this is very early in the litigation.  Birch has not yet answered, but rather filed this motion to dismiss in lieu of answer.  Birch's proposed litigation plan (DN 14) at ¶ 7 contemplates the amendment of pleadings and joinder of parties up to 120 days from the date of decision on its motion to dismiss.  Therefore, Birch's motion to dismiss on the basis of failure to join parties under Rule 19 is premature.

For the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that:

> 1. The motion of the defendants, Access Integrated Networks, Inc. and Birch Communications, Inc., to dismiss (DN 8) is **DENIED.**

- 4 -

**IT IS SO ORDERED.**