**FILED**
VANESSA L. ARMSTRONG, CLERK

JAN 10 2014

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

TELECOM DECISION MAKERS, INC.                                    PLAINTIFF

v.                                         CIVIL ACTION NO. 3:08CV-609-S

BIRCH COMMUNICATIONS, INC.                                       DEFENDANT

## COURT'S INSTRUCTIONS TO THE JURY

Ladies and Gentlemen:

Now that you have heard all of the evidence, and the argument of the attorneys, it is my duty to give you instructions as to the law applicable in this case.

It is your duty as jurors to follow the law as stated in the instructions, and to apply that law to the facts you find from the evidence.

You are not to single out one instruction alone as stating the law. You must consider the instructions as a whole.

You are not to be concerned with the wisdom of any rule of law stated by the court. You must apply the law given in these instructions whether you agree with it or not.

It is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record. It is your own interpretation and recollection of the evidence that controls.

You are permitted to draw reasonable inferences, deductions, and conclusions from the

testimony and exhibits which you feel are justified in the light of your own common sense.

In saying that you must consider all the evidence, I do not mean to suggest that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility or believability of each witness, and the weight to be given to the testimony of each witness.

In determining the credibility of any witness, you may properly consider the demeanor of the witness while testifying, frankness or lack of it, and his or her interest in the outcome of the case, if any.

The rules of evidence permit a witness who by education and experience has become expert in any art, science, or profession to state an opinion as to a matter in which he is versed and which is material to the case, and he may also state the reasons for such an opinion. You should consider such opinion and give it such weight as you, in the application of your common sense, may think it deserves. If you should conclude that the reasons given by such a witness in support of his opinion are not sound, or that his opinion is outweighed by other credible evidence in the case, or by the opinion of some other witness, then you may reject the opinion in whole or in part.

The statements, objections, and arguments made by the lawyers are not evidence. What the lawyers have said to you is not binding upon you.

The weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You should be guided in your deliberations by the quality and credibility of the evidence you have heard.

There are a number of entities referred to in this case. From time to time in these instructions, I will refer to the plaintiff, Telecom Decision Makers, Inc., as "TDM," the defendant, Birch Communications, Inc., as "Birch," and Navigator Telecommunications, LLC as "Navigator,"

rather than continually repeating their names in full.

In order to resolve this case between TDM and Birch, you, as the finders of fact, must determine from the evidence whether the 2008 sale of Navigator assets to Birch constituted a "Change of Control" of Navigator.

## Part 1

The contract between Navigator and TDM states that a "Change of Control" includes a reorganization of Navigator, a sale of substantially all of the assets of Navigator, or any other transaction substantially similar in effect.

In order to decide whether there was a "Change of Control," you must first decide the meaning of the terms "reorganization," "substantially all of the assets," and "any other transaction substantially similar in effect."

In deciding the meaning of these terms, you must decide what the intent of TDM and Navigator (the contracting parties) was when they made their contract. In doing so, you should first examine the language of the contract. You may also consider the circumstances under which the contract was made, and what TDM and Navigator themselves believed the terms meant as shown by the evidence.

In deciding the meaning of the contract terms, the following principles apply:

(1) A contract should be interpreted so that it is reasonable and capable of being carried out, if this can be done without changing the contracting parties' intention.

(2) A contract is to be interpreted as a whole, and the overall intention of the contracting parties is controlling over the separate parts of a contract.

(3) If possible, each part of a contract must be used to help interpret the other parts, but if one part is wholly inconsistent with the general intention of the contracting parties, it should be rejected.

Part 2

Having determined the meaning of "Change of Control," you must now decide whether you believe from the evidence that the 2008 sale of Navigator assets to Birch constituted a "Change of Control" of Navigator as that term was used in the contract between TDM and Navigator.

You will indicate your answer to this question on the verdict form attached to these instructions.

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

During your deliberations, you must not discuss this case with anyone outside the jury, or provide anyone outside the jury with any information about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, BlackBerry, or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I have accepted your verdict.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will speak for you here in court.

A verdict form has been prepared for your convenience.

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form which sets forth the verdict upon which you unanimously agree; you will then return with your verdict to the courtroom.

# VERDICT FORM

| United States District Court | District |
| --- | --- |
| | Western District of Kentucky |

| Case Title | Docket No. |
| --- | --- |
| TELECOM DECISION MAKERS. INC. | |
| v. | CIVIL ACTION NO. 3:08CV-609-S |
| BIRCH COMMUNICATIONS, INC. | |

Do you find from the evidence that the 2008 sale of Navigator assets to Birch Communications, Inc. constituted a "Change of Control" of Navigator Telecommunications, LLC?

_____ Yes      _____ No

| Foreperson's Signature | Date |
| --- | --- |
| | |