UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE


TELECOM DECISION MAKERS, INC.                                         PLAINTIFF


v.                                                          CIVIL ACTION NO. 3:08CV-609-S


BIRCH COMMUNICATIONS, INC., f/k/a
ACCESS INTEGRATED NETWORKS, INC.                                      DEFENDANT


## MEMORANDUM OPINION


This matter is before the court for consideration of the following post-trial motions:

(1) Motion of Birch Communications, Inc. ("Birch") to enforce arbitration (DN 156) and post-trial motion for ruling on that motion (DN 214).

(2) Motion of Birch for entry of judgment upon the jury verdict and order that the parties submit to binding arbitration for resolution of all further disputes (DN 212).

(3) Motion of Telecom Decision Makers, Inc. ("Telecom") to amend or correct the judgment (DN 215).

(4) Motion of Telecom for entry of judgment upon the verdict and order that the matter be set for jury trial to determine damages (DN 216).


Telecom, an independent sales agent for the telecommunications industry, entered into an agreement with Navigator Telecommunications LLC ("Navigator"), a telecommunications provider and non-party to the suit, for Telecom to develop residential and business accounts for Navigator's local and long distance telephone services. The contract provided, in part, that Navigator would pay

Telecom continuing commissions (referred to in the agreement as "residual commissions," and also referred to by the parties as "evergreen commissions.") on revenue-generating accounts established by Telecom until termination of the customer contract. (Confidential Independent Sales Representative Agreement for Voice Products and Services (hereinafter, "the agreement"), DN 1, ¶ 8). The agreement further provided that

> This agreement is binding upon and shall inure to the benefit of the successors and assigns of Navigator in connection with and in contemplation of any reorganization, bankruptcy, merger, consolidation, or sale of all or substantially all of the ownership interest or assets of Navigator, or any other transaction substantially similar in effect (collectively "Change of Control"). Upon a Change of Control, this Agreement will be deemed assigned to Navigator's successor notwithstanding that the Assignment is formally reduced to writing or not...

(DN 1, ¶ 13).

Birch purchased certain business and residential lines from Navigator in 2008. Prior to the execution of an Asset Purchase Agreement between Navigator and Birch (referred to herein as the "APA"), Navigator gave Telecom notice that it intended to exercise a provision in the Telecom/Navigator agreement which allowed Navigator to terminate its arrangement with Telecom for its own convenience, but required that Navigator continue to make all payments (e.g. commissions) then due to Telecom under the terms of the agreement. DN 1, ¶ 11. Later, but still prior to execution of the APA, Birch notified Telecom that it was purchasing substantially all of the residential and business local and long distance customer accounts of Navigator. Once the APA was signed, Birch indicated that it had not assumed responsibility for and would not pay residual commissions to Telecom under the agreement.

Telecom filed this action pursuant to 28 U.S.C. § 2201 to obtain a declaration that Birch is obligated to pay commissions under the agreement. Telecom contended that Birch's purchase constituted a "Change of Control," under the terms of the agreement, triggering an assignment of the obligation to pay commissions under paragraph 13. Birch denied that its purchase constituted a "Change of Control" because it contended that the transaction did not involve all or substantially all of Navigator's assets.

Specifically, Telecom requested that the court:

Determine that the Confidential Independent Sales Representative Agreement for Voice Products and Services dated January 13, 2005, and its addendums, were assigned to Defendants, and Defendants are required to abide by the terms and conditions of that Agreement including the payment of residual commissions for all of TDM's customers subject to that Agreement.

DN 1, Request for Relief, ¶ A.

This matter was tried to a jury, which rendered a verdict on January 10, 2014 finding that "the 2008 sale of Navigator assets to Birch Communications, Inc. constituted a 'Change of Control' of Navigator Telecommunications, LLC." DN 209. The parties agree that the jury's verdict entitles Telecom to a declaration that the agreement was assigned to Birch. Telecom and Birch tendered proposed orders of judgment containing identical language concerning the assignment of the agreement to Birch:

**IT IS HEREBY ORDERED AND ADJUDGED** that the "Confidential Independent Sales Representative Agreement for Voice Products and Services" is hereby assigned to Birch as a result of the November 2008 purchase of Navigator assets.

However, Telecom also proposed that "a date must now be set for a jury trial to determine all damages to TDM." DN 216-1, ¶ 2. Birch, on the other hand, proposed that the court order "that the parties shall submit to binding arbitration pursuant to the express provisions of the Agreement to resolve any disputes regarding the interpretation of the contract, including determination of contract damages, if any." DN 212-2, ¶ 2.

This court has already determined that the request for declaratory relief constituted the sole issue for trial. Telecom did not seek damages in this action. Additionally, the court denied Telecom's motions for leave to amend the complaint to add various tort claims and attendant demand for damages (DNs 90; 103). Additionally, the court granted Birch's pretrial motion *in limine* to limit the evidence and argument offered at trial to the single declaratory question pled in the complaint. (DN 203). At the close of the evidence, Telecom moved to amend the complaint to add tort claims to conform to the evidence. The motion was denied. Telecom once again seeks this relief post-trial, urging that these claims were actually tried by express or implied consent. As it is beyond question that there was no consent by Birch, and those theories of tort recovery were precluded by prior rulings of the court, the motion to amend or correct the judgment (DN 215) will be denied.

It also appears to be undisputed that a valid and enforceable arbitration clause is contained in the agreement to which Birch is now bound by virtue of the jury's verdict. In its briefs, Telecom has not challenged the existence or validity of the arbitration clause or the clause's application to "[a]ny dispute arising out of or relating to this Agreement..." DN 1, Ex. A, ¶27. Rather, it insists that Birch has waived its right to arbitration by waiting until August of 2013, five years after the commencement of litigation, to seek it. DN 220.

Telecom obtained a jury verdict entitling it to a declaration that the agreement was assigned to Birch. The claim for declaratory judgment sought a judgment declaring this assignment to Birch and further declaring that "Defendants are required to abide by the terms and conditions of that Agreement including the payment of residual commissions for all of TDM's customers subject to that Agreement." DN 1, Request for Relief, ¶ A. The "required to abide by" language seeks further confirmation of Birch's obligation under the agreement. Having obtained a declaration that the agreement was assigned to Birch, Telecom also seeks a declaration of the court that Birch is required to abide by the terms and conditions of that agreement, including those addressing residual payments.[1] This further declaration does not seek an award of residual payments, but rather seeks to bind Birch to the alchemy by which residual payments may be found owing. Telecom thus seeks a determination that the assignment has teeth. That is, that there is no ground upon which Birch may extricate itself from the obligation to abide by the terms and conditions of the assigned agreement. A determination that Birch must abide by the agreement, and any subsequent claim for damages which may be made, arise out of or relate to the agreement. Thus these matters must be decided in arbitration, as required by ¶ 13 the agreement.

Birch was not a party to the agreement. Therefore, Birch's rights under the agreement were contingent until a jury rendered a verdict which resulted in the assignment of the agreement to Birch. In its motion for enforcement of the arbitration clause, Birch acknowledged this contingency, as it sought to enforce the arbitration clause only in the event that the jury determined that the contract

---

[1] The argument could plausibly be made that the language after the "and" in the request for relief is superfluous to the declaration, as it seeks nothing more than the axiomatic statement that an assignee of a contract is bound by the contract terms. However, we acknowledge that Birch could conceivably argue that despite the assignment, it has no obligation to perform under or "abide by" the terms of the agreement. (We do not suggest by this statement that there is any such legitimate argument). The court therefore adopts the interpretation herein which gives meaning to the entire declaratory clause sought by Telecom.

was assigned to it. Birch made the motion prior to trial, albeit five years after the commencement of the action. It appears clear, however, that Birch's right to enforce the contract terms flowed from and necessarily followed the jury verdict. Therefore Birch's motion, filed five months prior to trial, was not untimely.

Telecom argues that the parties engaged in discovery on the issue of damages which it asserts is inconsistent with the intent to arbitrate. In this instance, the development of the case through discovery should not preclude arbitration, especially in light of the fact that damages were not, in fact, plead in the declaratory judgment action. As noted in *Johnson Associates Corp. v. HL Operating Corp.*, 680 F.3d 713, 718 (6th Cir. 2012), "a defendant's failure to raise arbitration as an affirmative defense shows his intent to litigate rather than arbitrate...Indeed, as a practical matter, an enforceable contractual right to compel arbitration operates as a 'quasi-jurisdictional bar to a plaintiff's claims, providing grounds for dismissal of the suit." By contrast with *Johnson*, Birch was not a party to the contract. Telecom did not join the other party to the agreement, Navigator, even in its proposed but rejected civil conspiracy claim. This court finds no basis upon which it could be found that Birch slept on its rights. It participated in discovery and trial of the question of "Change of Control" of Navigator. It provided notice to Telecom in advance of the trial that, in the event a "Change of Control" was found by the jury resulting in the assignment of the agreement to it, Birch intended to seek enforcement of the arbitration clause for resolution of all other matters arising from or relating to the contract going forward.

For these reasons, (1) the motion of Telecom to amend the judgment will be denied, (2) the motion of Telecom for entry of judgment will be denied to the extent that it seeks an order that the matter be set for jury trial to determine damages, (3) the motions of Birch for enforcement of the

arbitration clause and entry of judgment will be granted, and (4) judgment will be entered on the verdict as requested by Birch.  A separate order will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**

April 18, 2014

**Charles R. Simpson III, Senior Judge**
**United States District Court**